IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHNNY THORNTON                                                                    PLAINTIFF

v.                              Case no. 6:07-cv-6058

LARRY SANDERS, MELVIN STEED,
BENNY STRICKLAND, and TOMMY HARMON             DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

    Johnny Thornton (Plaintiff) filed this *pro se* civil rights action under 42 U.S.C. § 1983 on August 3, 2007. (Doc. 1). Plaintiff's Complaint was filed *in forma pauperis* (IFP) and certified to proceed on that same date. (Doc. 3). On March 3, 2008, Defendants' filed their Motion for Summary Judgment, which is the issue now before the Court. (Doc. 19). Plaintiff's response to the Motion for Summary Judgment was in the form of a questionnaire propounded to the Plaintiff by the Court. (Docs. 24, 27). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The following report and recommendation is entered accordingly.

**I. Background**

    Plaintiff's claims stem from the time he was incarcerated at the Garland County Detention Center. Plaintiff has sued Defendant Sanders because Sanders "was in charge of welfair [sic] and health well being of all inmates at that facility." Defendant Steed is sued because he is "the jail administrator and is in charge of inmates. . .." Plaintiff's claims against Nurse Harmon are that he refused Plaintiff treatment after an incident with Defendant Strickland and denied Plaintiff

medication for high blood pressure.[1] Plaintiff's claims against Defendant Strickland used excessive force against the Plaintiff.

Plaintiff claims that on or about February 9, 2007, he was beaten by Defendant Strickland and put into an isolation cell without medical treatment. (Doc. 1, ¶ V). He states his right side was paralyzed. *Id.* Although Plaintiff states the paralysis did get better, he still has problems walking and has to use a walker "to do anything." (Doc. 27, ¶ 6). Plaintiff further alleges he filled out a medical request regarding the paralysis on February 9, 2007 and "many days after that" but he received no care or response. *Id.* Plaintiff does state the officers came in and "took a key scrapeing [sic] the bottom of my foot, they say no movement was seen." *Id.*

Plaintiff was charged with Second Degree Battery against Defendant Strickland for the incident at issue. (Doc. 27, ¶ 9). Plaintiff pled no contest to a reduced charge of Third Degree Battery and was given time served. Plaintiff states that he missed his initial arraignment because he was in a wheel chair due to the incident and the officers refused to take him in that condition. (Doc. 27, ¶5). It is from this incident Plaintiff claims Defendant Strickland used excessive force.

Plaintiff claims that from his time of initial incarceration in November 2006, he requested but was refused medication for his high blood pressure. Dr. Carl Parkerson first prescribed this medication for Plaintiff in the early 1980's, and he has been taking it since that time. (Doc. 27, Ex.

---

[1] The Court notes some of the medical records provided by Defendants address medical care Plaintiff received for a hernia. However, Plaintiff does not appear to be claiming he was denied medical care in relation to this issue. (*See* Doc. 27, ¶ 1). Plaintiff's claims of denial of medical care are only from (1) his claim of denial of blood pressure medication, and (2) his claim of denial of medical care after the incident with Defendant Strickland. Moreover, the undisputed facts show that Plaintiff was taken to the hospital twice for this condition and was monitored by the doctor, as such, any claims regarding his hernia do not rise to the level of "deliberate indifference." At most, Plaintiff may have had a disagreement as to the course of treatment for his hernia.

3). Plaintiff did not have the medication with him when he came to the Garland County Detention Center, because it was at home and he had no way of getting it to the Detention Center. *Id.* Plaintiff states he received no medical treatment for his high blood pressure until he was taken to the Arkansas Department of Corrections' Diagnostic Unit in Pine Bluff. (Doc. 27, ¶ 4). At this time Plaintiff was close to suffering a stroke and had to be given medication to lower his blood pressure. *Id.* Plaintiff indicates his blood pressure also causes him now to use a walker. *Id.* Plaintiff states this is due to him being denied medical treatment while in Garland County. *Id.*

On January 11, 2007, Plaintiff filed a grievance stating he had put in several requests for blood pressure medication since November of 2006, and nothing had been done to secure him the medications. (Doc. 20, Ex. 9). In his response to the grievance, Defendant Harmon did not address the blood pressure medications, only other issues raised by Plaintiff. *Id.* There are no other grievances/medical requests regarding blood pressure medication in the record. Likewise, the record shows no requests for medical treatment regarding Plaintiff's paralysis after the incident with Defendant Strickland.

**II. Discussion**

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c). The Court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Official Capacity Claims

Plaintiff's official capacity claims are tantamount to suing Garland County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on *respondeat-superior*, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91.

Plaintiff has not articulated any custom or policy of Garland County which was responsible for denying his constitutional rights. Plaintiff states he was denied medical treatment and denied arraignment within seventy-two hours, but does not attribute these allegations to any policy or custom of Garland County. (Doc. 27, ¶ 1). Accordingly, Defendant's Motion for Summary Judgment regarding Plaintiff's official capacity claims should be granted.

Additionally, it is clear Plaintiff is suing Defendants Sanders and Steed in a *respondeat-superior* capacity only. Plaintiff provides no evidence that Defendants Steed and Sanders made any medical decisions or that they kept Plaintiff from receiving medical attention or care. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (no evidence that the defendants were doctors or were

personally involved in making medical decisions about treatment); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility). Plaintiff alleges no personal involvement of the Defendants Steed and Sanders regarding his blood pressure medication, denial of medical care after his incident with Strickland, or the alleged incident of excessive force, and thus his claims against them can not survive Summary Judgment.

**B. Individual Capacity Claims**

    i. Denial of Medical Care

Plaintiff claims he was denied medical care by Nurse Harmon because Harmon refused to provide him with blood pressure medications and also because treatment was refused when his right side was paralyzed following an incident with Defendant Strickland.

To succeed on his medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. *Id.* The standard for "deliberate indifference" includes an objective and a subjective component. *Beyerbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir.1995) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show that the medical deprivation was objectively sufficiently serious and that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir.1995) (quoting *Johnson v. Busby,* 953 F.2d 349, 351 (8th Cir.1991)).

A mere difference of opinion between plaintiff and his treating physician about what

treatment is appropriate does not give rise to a colorable claim under section 1983. *Warren v. Fanning,* 950 F.2d 1370, 1373 (8th Cir. 1991), *cert. denied,* 506 U.S. 836 (1992); *Smith v. Marcantonio,* 910 F.2d 500, 502 (8th Cir. 1990); *Courtney v. Adams,* 528 F.2d 1056 (8th Cir. 1976). Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim. *Davis v. Hall,* 992 F.2d 151, 153 (8th Cir. 1993).

The only evidence of record regarding Plaintiff's blood pressure medication is a grievance dated January 11, 2007. In this grievance, Plaintiff complains of his hernia and his many requests for blood pressure medication, which he states have been denied. (Doc. 20, Ex. 10). Nurse Harmon responded to Plaintiff's hernia complaints, but did not respond to his request for blood pressure medication. There are no other records regarding Plaintiff's blood pressure medication before the Court. Taking Plaintiff's facts as true, he requested blood pressure medication since November of 2006 and Nurse Harmon knew he needed blood pressure medication. Moreover, Plaintiff indicates his blood pressure was near stroke levels when he was transferred to the Arkansas Department of Corrections and taken to the Diagnostic Unit in Pine Bluff. Plaintiff indicates he now uses a walker due, at least in part, to his high blood pressure levels that were left untreated while in Garland County. Given these facts and the record before the Court, there exists a genuine issue of fact regarding Plaintiff's claims of denial of medical care against Nurse Harmon, for denial of Plaintiff's request for blood pressure medication.

Plaintiff's second claim of denial of medical care is regarding his alleged lack of care after an incident with Defendant Strickland where Plaintiff states he was paralyzed on his right side. It is clear from the record that Plaintiff was involved in an incident with Defendant Strickland on February 9, 2007. However, there is no evidence Plaintiff received any medical care following this

incident. Taking Plaintiff's facts as he has pled them, he requested medical treatment and was denied. There is no record of any written requests. Accordingly, Defendants' Motion for Summary Judgment regarding Plaintiff's claims of denial of medical care against Defendant Harmon should be denied.

    ii. Excessive Force

Plaintiff claims excessive force was used against him by Defendant Strickland on February 9, 2007. Plaintiff was charged with Second Degree Battery for this incident and pled no contest to Third Degree Battery. Plaintiff's no contest plea is the equivalent to a plea of guilty. *See, e.g., Lott v. United States,* 367 U.S. 421, 426 (1961) (holding that a nolo contendere plea "is tantamount to 'an admission of guilt for all purposes of the case' ") ( *quoting Hudson v. United States,* 272 U.S. 451, 455 (1926)); *Jacobsen v. United States,* 260 F.2d 122, 123 (8th Cir.1958) (holding that a nolo contendere plea is legally equivalent to a plea of guilty).

Under Arkansas Code Annotated Section 5-13-203, Plaintiff has admitted to either purposefully or recklessly causing a physical injury to Defendant Strickland during the incident at issue. In the context of alleged excessive force employed against a prisoner, the amount of force employed is properly analyzed under an Eighth Amendment standard. *Whitley v. Albers,* 475 U.S. 312, 318-26 (1986). However, such force will rise to the level of "cruel and unusual punishment" proscribed by Eighth Amendment only if the conduct "inflict[s] unnecessary and wanton pain and suffering." *Stenzel v. Ellis,* 916 F.2d 423, 426 (8th Cir.1990) (quoting *Whitley,* 475 U.S. at 320). Officers are permitted to use force reasonably " 'in a good faith effort to maintain or restore discipline,' but force is not to be used 'maliciously and sadistically to cause harm.' " *Treats v. Morgan,* 308 F.3d 868, 872 (8th Cir. 2002) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)).

There is no evidence the force applied was to "inflict unnecessary and wanton pain and suffering" rather than force needed to restore discipline from Plaintiff's battery on Defendant Strickland. Given Plaintiff's admission to committing a battery against Defendant Strickland, Defendants' Motion for Summary Judgment should be granted on Plaintiff's claims of excessive force.

### III. Conclusion

For the reasons stated, I recommend that the Defendants' Motion for Summary Judgment (Doc. 19) be **GRANTED in part and DENIED in part**. I recommend that Summary Judgment be **granted** on all of Plaintiff's official capacity claims, and claims against Defendants Sanders, Steed, and Strickland. I recommend that Summary Judgment be **denied** on Plaintiff's claims against Defendant Harmon for denial of medical care.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **21st day of May 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE